UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
Hebat Service Trans Trade Sdn Bhd,    :

           :         Civil Action No. 1:25-cv-1964

         Plaintiff,    :

           :

      -v-        :        **COMPLAINT**

           :

SL Performance, Inc. and      :        **JURY TRIAL DEMANDED**

Simon Bykov,         :

           :

        Defendants.   :
-----------------------------------------------------x

     Plaintiff Hebat Service Trans Trade Sdn Bhd (hereinafter **"Plaintiff" or "HST"**),

through its attorney, Aleinik Law Firm, PLLC, for its Complaint against Defendants SL

Performance, Inc. ("SL Performance") and Simon Bykov, hereby alleges as follows:

**Introduction**

1. Plaintiff is a global logistics company based in Malaysia. Plaintiff brings this action to

    recover the money embezzled by Defendants SL Performance and its sole owner Bykov

    and loss and expenses incurred as a direct result of SL Performance's breach of contract

    in the amount of $78,618.76 as well as further losses due to reputational damage and

    other expenses.

**The Parties**

2. HST is a Malaysian corporation with its principal place of business in Malaysia. HST

    offers logistics services to its customers throughout the world.

3. SL Performance is a New York corporation with its office and mailing address within this

    District at 993 McDonald Avenue, Brooklyn, NY 11230. Per information and belief,

    Simon Bykov formed SL Performance in or about 2004 as its sole owner.

4. Upon information and belief, Bykov resides in this District at 2400 E 3rd Street, Apt 711, Brooklyn, NY 11223.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 28 U.S.C. Section 1332(a). The amount in controversy exceeds $75,000. The dispute is between a Malaysian corporation and plaintiff, and a citizen of New York State and a New York corporation as defendants.

6. Venue is proper in this District under 28 U.S.C. Section 1391. Bykov resides in this District and SL Performance is a New York corporation with its office and mailing address in this District.

**Factual Background**

7. In a contract executed on July 15, 2024, SL Performance agreed to act as HST's freight-forward agent, whereby SL Performance would order casting cover impeller, and casting parts for mining (the "parts") from a U.S.-based company Folsom and take necessary arrangement to ship and cause them to be delivered to HST. The contract is governed by the law of the State of New York.

8. Under the contract, HST agreed to transfer prepayment for shipment of the goods upon notification and demand by SL Performance's that it is ready to order and ship the parts.

9. HST entered in a separate contract with Terra International, a Polish company, to deliver the said parts to the latter by a specified date.

10. SL Performance' service was an integral part in HST's performance of its contractual obligation owed to Terra International. SL Performance was aware of HST's contractual; obligation owed to its customer as well as time-sensitive nature of such obligation.

11. In connection with its contract with SL Performance, HST communicated through its U.S-based agent Oxana Zeltser.

12. On or about September 6, 2024, HST forwarded prepayment in the amount $45,091.34 by wire transfer to SL Performance's Business Checking account pursuant to the contract, promptly upon notification by SL Performance that the parts were ordered and ready for shipment. Under the contract, the prepayment would cover the costs and expenses relating to the order and shipment and compensation for SL Performance's *full* performance of its service.

13. SL Performance provided HST with a Chase bank document indicating its payment of $35,154.00 to Folsom on or about September 13, 2024. However, to date, the parts purportedly ordered and acquired by SL Performance have not been delivered to Plaintiff. SL Performance has not explained to HST the status of the delivery despite multiple requests. Per information and belief, the Chase bank document was forged by SL Performance in furtherance of their goal to defraud Plaintiff.

14. Upon information and belief, SL Performance never acquired the parts from Folsom, or ordered the parts, nor paid the $35,154.00 to Folsom.

15. Upon information and belief, Defendant Bykov, the owner of SL Performance, converted the entire amount of $45,091.34 for his personal use.

16. Despite the promise to order and deliver the specified parts as a freight-forwarding agent, SL Performance breached its contract with HST by failing to deliver any of the parts.

17. As a result, HST suffered direct losses in the amount not less than $78,618.76, including the loss of $45,091.34 and penalties imposed by Terra International in the amount of $33,527.42 for failure to deliver by the deadline and for production losses. HST also

incurred further foreseeable losses and expenses attributable to SL Performance's and Bykov's misconduct.

18. On November 8, 2024, HST, through its attorney, sent a demand letter to SL Performance, for which no response was provided at the time of this Complaint.

19. In this action, HST seeks to recover damages for breach of contract from SL Performance.

20. HST also seeks damages for fraud against SL Performance and Bykov based on the factual misrepresentations made to New York based representative agent  of HST Oxana Zeltser. Because of these misrepresentations  Plaintiff remit the funds which SL Performance thereafter wrongly retained.

21. Finally, HST seeks damages for conversion against Bykov personally for his embezzlement of the $45,091 prepayment.

**First Claim for Relief**
**(Against SL Performance for Breach of Contract)**

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. HST and SL Performance had a valid and binding contract for the order and delivery of the parts dated July 15, 2024.

24. HST performed all of its obligations under the contract, including the prompt deposit of the prepayment upon notification and demand by SL Performance.

25. SL Performance failed to acquire or deliver the parts as required by the contract.

26. HST was unable to locate comparable goods, having relied on SL Performance's assurance that the parts were acquired by it and ready for shipment and delivery.

27. As a result of this breach of contract, SL Performance is liable to HST in the amount not less than $100,000. Such damages include, without limitation (1) the direct and foreseeable losses in the amount not less than $78,618.76, including the loss of $45,091.34 and penalties imposed by on Plaintiff Terra International in the amount of $33,527.42 for failure to deliver by the deadline and for production losses; (2) the loss of goodwill related to HST's inability to meet the demands of its customers and damages to its reputation; and (3) the legal fees and other expenses incurred as a result of non-delivery.

**Second Claim for Relief**
**(Against SL Performance for Breach of Implied Covenant of Good Faith and Fair Dealing)**

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. For all contracts, New York law imposes an implied covenant of good faith and fair dealing. In Touch Concepts, Inc. V. Cellco Partnership, 949 F. Supp.2d 447, 466 (2d Cir. 2013); Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc., 873 F. Supp. 808, 815-816 (S.D.N.Y. 1994). In the broadest terms, the implied covenant of good faith and fair dealing provides that a party to a contract may not act to destroy the value of the contract to the other party. 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d 144, 153 (2002).

30. SL Performance destroyed and frustrated the purposes of the contract by falsely notifying Plaintiff of its "ready to order and ship" status when it was not ready or willing, and causing Plaintiff to remit the prepayment.

31. SL Performance did not use the prepayment for the contractually agreed purposes of ordering and arranging delivery of the parts.

32. Further, instead of updating Plaintiff with the true information on the status of delivery, SL Performance provided Plaintiff with a fraudulent bank document and misrepresented how the prepayment was used in an attempt to justify its wrongly retaining the sum.

33. Aa a result of Defendant's breach of covenant of good faith and fair dealing, Plaintiff suffered and continues to suffer in the amount no less than **$100,000.00**. Such damages include, without limitation (1) the direct and foreseeable losses in the amount not less than $78,618.76, including the loss of $45,091.34 and penalties imposed by on Plaintiff Terra International in the amount of $33,527.42 for failure to deliver by the deadline and for production losses; (2) the loss of goodwill related to HST's inability to meet the demands of its customers and damages to its reputation; and (3) the legal fees and other expenses incurred as a result of non-delivery.

**Third Claim of Relief**
**(Against SL Performance and Bykov for Unjust Enrichment)**

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. SL Performance received $45,091.34 as a prepayment intended by Plaintiff to cover cost and expenses associated with the order and delivery of the parts and the compensation to SL Performance for the *full* performance of its service under the contract.

36. Upon information and belief, SL Performance was not ready to acquired and ship the parts when it demanded the prepayment, and it never did.

37. Upon information and belief, SL Performance's sole owner Bykov used the entire amount for personal purposes.

38. Defendants were unjustly enriched at HST's expense, which remit the prepayment to SL Performance, but did not receive the parts as promised.

39. It would be inequitable and contrary to good conscious to permit Defendants to benefit by wrongly retaining the prepayment that they are not entitled to.

40. By reason of the foregoing, Defendants owes in the amount not less than $45,091.34.

**Forth Claim of Relief**
**(Against SL Performance and Bykov for Fraud)**

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. In September 2024, Bykov uttered misrepresentations, *inter alia*, the false statement that it is ready to acquire and ship the parts, the misrepresented amount of prepayment required to cover the cost of the order, and the fraudulent bank documents it presented to Oxana Zeltser.

43. These statements were false when made.

44. Bykov knew of their falsity when they made these statements to her, and these were made on behalf of SL performance for the sole purpose of deceiving and misleading and inducing Plaintiff to deposit the prepayment to SL Performance's bank account.

45. Plaintiff and Oxana Zeltser were unaware of the falsity of the representations at the time these were made and as a result and in reliance thereon, Plaintiff were induced to and did in fact remit the prepayment in the demanded amount.

46. Had Plaintiff or Oxana Zeltser known of the falsity of the statements, Plaintiff would not have forwarded the prepayment of $45,091.34.

47. As a direct and proximate result of this fraudulent inducement, Plaintiff has incurred damages of not less than $100,000.00. Such damages include, without limitation (1) the direct and foreseeable losses in the amount not less than $78,618.76, including the loss of $45,091.34 and penalties imposed by on Plaintiff Terra International in the amount of $33,527.42 for failure to deliver by the deadline and for production losses; (2) the loss of goodwill related to HST's inability to meet the demands of its customers and damages to its reputation; and (3) the legal fees and other expenses incurred as a result of non-delivery.

**Fifth Claim of Relief**
**(Against Bykov for Conversion)**

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. HST transferred funds in the total amount of $45,019.34 to SL Performance for use by it to cover the costs and expenses necessary to the order and delivery of the parts, as well as the compensation for the *full* performance of the service.

50. Upon information and belief, SL Performance did not use the prepayment for its legitimate purposes under the contract. SL Performance did not purchase the parts at

$35,154.00. Per information and belief, SL Performance transferred the funds to Bykov, who used the funds for personal purposes unrelated to SL Performance's performance of the contract.

51. Plaintiff did not consent to the conversion of the prepayment by Bykov for his personal use, and neither Bykov nor SL Performance has any right to retain such sum.

52. Plaintiff duly demanded the return of the embezzled funds, to which no response was received.

53. As a direct and proximate result of this conversion of property, Plaintiff lost the full amount of its $45,019.34 prepayment.

54. SL Performance and Bykov are jointly and severally liable to HST for the full amount of the prepayment plus interest since September 6, 2024.

**WHEREFORE**, Plaintiff HST respectfully requests that the Court grant the following relief:

I.    On the First Claim for Relief, judgment against SL Performance in an amount to be determined at trial, but no less than $100,000.00

II.   On the Second Claim for Relief, judgment against SL Performance in an amount to be determined at trial, but no less than $100,000

III.  On the Third Claim for Relief, judgment against both Defendants in an amount of $45,019.34 plus prejudgment interest from September 6, 2024.

IV.   On the Third Claim for Relief, judgement against both Defendants in an amount to be determined at trial, but not less than $100,000.

V.    On the Fourth Claim for Relief, judgment against both Defendants in an amount of $45,019.34 plus prejudgment interest from September 2024.

VI.   The costs of this action, including attorney's fees.

9

VII.    Such other and further relief as the Court deems just and proper.


Dated: New York, New York
       April 9, 2025

ALEINIK LAW FIRM, PLLC

/s/ Olga Aleinik

By: _____
    Olga Aleinik, Esq.
    620 Fifth Avenue, 2nd Floor
    New York, NY 10020
    New York, NY 10020
    Tel: (718) 909-1989
    *Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(b) of Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues to triable.

Dated: New York, New York
      April 9, 2025

ALEINIK LAW FIRM, PLLC

/s/ Olga Aleinik

By:   _____

Olga Aleinik, Esq.
620 Fifth Avenue, 2nd Floor
New York, NY 10020
New York, NY 10020
Tel: (718) 909-1989
*Attorneys for Plaintiff*
